IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 44455

| In the Matter of JOHN DOE, a Child Under the Age of Eighteen (18) Years. | ) | |
|---|---|---|
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) | 2016 Opinion No. 77 |
| | ) | |
| | ) | Filed:  December 5, 2016 |
| Petitioner-Respondent, | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| v. | ) | |
| | ) | |
| JOHN DOE I (2016-37), | ) | |
| | ) | |
| Respondent-Appellant. | ) | |
| | ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Carolyn M. Minder, Magistrate.

Order terminating parental rights, affirmed.

Ellsworth, Kallas & DeFranco, PLLC; Joseph L. Ellsworth, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Denise M. Hippach, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

John Doe appeals from the magistrate's order terminating Doe's parental rights. Specifically, he challenges whether there was substantial and competent evidence to support the magistrate's findings that (1) Doe had neglected the child and (2) it was in the child's best interests to terminate Doe's parental rights.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the father to a minor child born in November 2013.  At the time of the child's birth, the child was placed in the care of the Department of Health and Welfare ("Department") after the mother tested positive for amphetamine.  In February 2014, the child was again placed in the care of the Department after the mother was hospitalized for suicidal ideations.  Then, in

1

October 2014, the child was placed in foster care for a third time after police found the child unsupervised while the mother was unconscious on the floor.[1] When the child was placed into foster care for the third time, Doe stated he was unable to care for the child due to Doe's employment and lack of resources and child care skills.

As part of the child protection case, Doe was ordered to participate in a case plan in November 2014. The primary objectives of Doe's case plan were to (1) increase his awareness and ability on how to care for the child and (2) provide the child with a safe and stable living environment. To meet these objectives, Doe was required to participate in a parenting program, demonstrate his ability to care for the child's basic needs, and obtain Department-approved child care. In conformance with his plan, Doe completed parenting classes and participated in daytime visits and several overnight visits with the child. Then, in September 2015, the magistrate held a permanency hearing. Testimony at that hearing revealed that Doe continued to display difficulties providing for the child's basic care and had not secured child care. The magistrate issued an order approving termination and adoption as the final plan.

The Department then petitioned for termination of Doe's parental rights, and a trial date was set for December 2016. In response to the Department's petition, Doe requested additional time to comply with his case plan, citing the arrival of his three teenaged children from Ethiopia as the basis for the continuance. The magistrate vacated and reset the termination trial for March 2016. The Department then filed a motion to amend the permanent plan to allow additional time to work with Doe toward reunification. The magistrate again reset the termination trial for May 2016. In May, the Department filed another motion to amend the permanent plan after learning that Doe was relying on his teenaged children to care for the child in Doe's absence, again requesting termination of parental rights and adoption. After holding a hearing on this motion, the magistrate granted the Department's request to amend the plan. The Department filed an amended petition for termination in June 2016.

At the termination hearing in August 2016, the magistrate heard testimony from the police officer who discovered the child unsupervised in the home, the case workers, the foster mother and father, the guardian ad litem, Doe, and Doe's three teenaged children. Based on the

---

[1] The mother's parental rights to the child were ultimately terminated but are not at issue in this appeal.

evidence presented at trial, the magistrate found that there was clear and convincing evidence to support termination of the parent-child relationship on the basis of neglect. Doe timely appeals.

## II.

## ANALYSIS

Doe argues that the magistrate erred in finding there was clear and convincing evidence that he neglected the child and by concluding that termination was in the child's best interests. A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. Idaho Code § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982). *See also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's

3

decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

## A.     Neglect

In this case, the magistrate terminated Doe's parental rights on the basis of neglect. Idaho Code Section 16-2002(3) defines "neglect" as any conduct included in I.C. § 16-1602(31), as well as situations where the parent has failed to comply with the court's orders or the case plan in a child protective act case; the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months; and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.

The magistrate first found, by clear and convincing evidence, that Doe neglected the child by failing to provide proper parental care and control necessary for the child's well-being. The evidence supports this conclusion. First, Doe did not take adequate measures to ensure that the child would be properly supervised during the hours that Doe was unavailable. Doe relied exclusively on his teenaged children, who had recently come to the United States from Ethiopia, to care for the child while Doe was at work. The case worker testified that the teenagers were not attentive to the child's needs, lacked the necessary skills to properly care for a two-year-old child, and were at times unavailable themselves due to school schedules and vacations.

4

Although Doe was provided a list of approved child care providers, Doe made no efforts to obtain alternative care for the child.

Doe argues that he has a fundamental right to choose the circumstances in which he raises his child, suggesting that Doe is justified in relying upon his teenaged children for child care. In support of this contention, Doe cites to the Idaho Supreme Court case *In re Doe*, 153 Idaho 258, 281 P.3d 95 (2012).[2] However, not only is his reliance upon this case misplaced, as the cases are not factually analogous, but his assertion suggests that fundamental liberty interests permit parents to entrust their children to the supervision of unqualified caregivers. We reject such an argument as patently meritless. A parent's liberty interest in maintaining a relationship with his or her child does not override the parent's responsibility to ensure the proper supervision of that child.

Further supporting the magistrate's finding that Doe failed to provide proper parental care were Doe's consistent excuses for not having more visits with the child over the nearly two-year period the child was in foster care. Doe cited his work schedule and lack of parental skills as reasons for not having more visits. Even facing the permanent loss of his child, Doe did not take efforts to rearrange his work schedule or find suitable alternative child care. Instead, Doe refused or cancelled visitations that did not fit within his availability. Doe's efforts to reunify with the child fall short of demonstrating Doe's willingness and ability to provide the proper care and control necessary for the child's well-being. Thus, the magistrate's finding of neglect on this basis is supported by substantial and competent evidence.

The magistrate also found, by clear and convincing evidence, that Doe neglected the child by failing to comply with the case plan. Doe argues that the magistrate's finding is not supported by substantial and competent evidence because Doe did participate in his case plan and continued to make progress on the plan to preserve his family. It is undisputed that by the

---

[2] In *Doe*, the Court reversed a parental termination order that had been issued on the grounds of abandonment after the father was unable to return to the United States from Mexico. *Id.* at 264, 281 P.3d at 101. The Court held that there was no evidence that the father had willfully abandoned, abused, or neglected his child, thus the magistrate's finding was not supported by the evidence. *Id.* Moreover, the Court held that the magistrate's finding that it was in the child's best interests to remain in the United States over being sent to live with her father in Mexico improperly weighted the child's standard of living over the father's fundamental liberty interest in maintaining a relationship with his child. *Id.* at 264-65, 281 P.3d at 101-02.

5

time of the termination hearing in August 2016, the child had been in the continuous custody of the Department for twenty-two months, meeting the time limit set forth I.C. § 16-2002(3)(b).

The Idaho Supreme Court has previously held that even where a parent makes some progress on a case plan, termination is proper where the parent fails to meet the primary requirements of the plan. *Idaho Dep't of Health & Welfare v. Doe*, 151 Idaho 498, 502, 260 P.3d 1169, 1173 (2011). Here, the primary objectives of Doe's case plan were to (1) increase his awareness and ability on how to care for the child and (2) provide the child with a safe and stable living environment. Doe was required to participate in a parenting program, demonstrate his ability to care for the child's basic needs, and obtain Department-approved child care.

Testimony at trial indicated that despite Doe's participation in parenting classes and nearly two years of visitation opportunities, the child was often still returning to the foster parents after visitation periods with diaper rashes and acting tired and hungry. Moreover, Doe never obtained Department-approved child care. Instead, he relied exclusively upon his teenaged children to provide care for the child while Doe was away from the home working two jobs. As discussed above, Doe's exclusive reliance upon his teenaged children was inappropriate for the care of the two-year-old child. Based upon the undisputed testimony at trial, there is substantial and competent evidence to support the magistrate's finding that Doe failed to comply with his case plan. Thus, the magistrate's finding of neglect, as defined by I.C. § 16-2002(3)(b), is supported by substantial and competent evidence.

**B.     Child's Best Interests**

Finally, the magistrate found that termination would be in the child's best interests. Upon finding a statutory ground for termination, the court must also find that it is in the best interests of the child to terminate the parent-child relationship. I.C. § 16-2005(1). When considering the best interests of the child, a trial court may consider numerous factors. *In re Doe*, 157 Idaho 765, 772, 339 P.3d 1169, 1172 (2014). Some of these factors include the parent's ability to change his or her conduct to assume parental responsibilities, whether there is a good relationship between the child and foster parent, whether the child has improved while in foster care, whether the child's needs are being met, and the child's need for stability and certainty. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 797, 803, 275 P.3d 23, 29 (Ct. App. 2012).

In finding that termination was in the child's best interests, the magistrate focused primarily on the chronic instability in the child's life since birth. By age two, the child had been

6

in foster care three different times, and by the time of trial, the child had spent the last twenty-two consecutive months in foster care. More importantly, the child's behavior reflected the effect of that instability. The case workers and foster parents testified to the child's resistance to visits with Doe and maladaptive behavior after returning from Doe's care. The magistrate found that the child was experiencing trauma as a result of the overnight visits with Doe. The magistrate also considered Doe's unwillingness to increase mid-week visits with the child due to Doe's work schedule. Ultimately, the magistrate found that termination was in the child's best interests to provide stability and a home with responsible adult caregivers.

On appeal, Doe continues to assert that he is willing to provide for the child, is willing to give up one of two jobs if necessary, and is a good parent. However, the evidence before the magistrate reflects that Doe had ample opportunity to demonstrate his willingness to parent the child; but despite that willingness, Doe did not change his conduct to provide the stability and certainty necessary for the child's well-being. Thus, we conclude the magistrate's finding that termination was in the child's best interests is supported by substantial and competent evidence.

### III.

### CONCLUSION

There is substantial and competent evidence in the record to support the magistrate's finding that Doe neglected the child and that termination is in the child's best interests. Accordingly, the magistrate's judgment terminating Doe's parental rights to the child is affirmed. Costs are awarded to the respondent.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.